Cleveland BAILEY *v.* STATE of Arkansas

CR 92-1418                                      848 S.W.2d 391

Supreme Court of Arkansas
Opinion delivered February 22, 1993

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Cleveland Bailey was found guilty in 1991 of possession of cocaine with intent to deliver and possession of drug paraphernalia. He was sentenced as an habitual offender with more than one but less than four prior felony convictions to concurrent terms of imprisonment of sixty years for each conviction. We affirmed. *Bailey* v. *State*, 307 Ark. 448, 821 S.W.2d 28 (1991). On August 21, 1992, appellant filed in the circuit court a petition styled, "Petition for Declaratory Judgment and Writ of Mandamus to Enforce Judgment." He contended in the petition that it was unjust for a person to be subject to a greater penalty for some drug offenses than would be applied for multiple homicide. He concluded that the punishment for drug offenses was "unusual" under the Arkansas Constitution. He requested a declaratory judgment that the sentence was in violation of the State constitution. He further requested a writ of mandamus. Relief was denied, and the record has been lodged

here on appeal. Appellant now seeks appointment of counsel and an extension of time to file the appellant's brief. The state has filed a motion to dismiss the appeal.

The appellee's motion to dismiss the appeal is granted. It is clear that the appellant was not entitled to a declaratory judgment or writ of mandamus in this case. *See Fox* v. *State*, 309 Ark. 619, 832 S.W.2d 244 (1992); *Chambers* v. *State*, 304 Ark. 663, 803 S.W.2d 932 (1991).

Appellant did not contend that his sentences exceeded the statutory maximum allowed by law.[1] He argued only that he was entitled to a declaratory judgment and writ of mandamus because the sentences were out of proportion for those which could be imposed for murder. Allegations which challenge the constitutionality of a circuit court judgment should be raised at trial and subsequently on direct appeal, not in a petition for post-conviction relief. A petition for post-conviction relief attacking a judgment, regardless of the label placed on it by the petitioner, is considered pursuant to our post-conviction rule, Criminal Procedure Rule 37. *See Williams* v. *State*, 291 Ark. 255, 724 S.W.2d 158 (1987). Rule 37 does not provide a means to challenge the constitutionality of a judgment where the issue could have been raised in the trial court. *See Neal* v. *State*, 270 Ark. 442, 605 S.W.2d 421 (1980). Moreover, the rule requires that petitions for post-conviction relief must be filed in those cases where the petitioner was convicted, after January 1, 1991, within sixty days of the date the mandate was issued upon affirmance. *In the Matter of the Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. 746, 797 S.W.2d 458 (1990). The mandate in petitioner's case was issued January 10, 1992, but his petition was not filed until August 21, 1992, more than seven months later. The petition was therefore untimely. The timeliness of a post-conviction petition is jurisdictional and the trial court cannot grant post-conviction relief on an untimely petition. *See Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303

---

1 The sentence imposed for possession of drug paraphernalia, which is a Class C felony, Ark. Code Ann. § 5-64-403(c)(1) (1987), where a defendant has more than one but less than four prior felony convictions is 20 years. Ark. Code Ann. § 5-4-501(a)(4) (1987). A sentence of 60 years was imposed on petitioner, but, as stated, he did not challenge the sentence in the petition for post-conviction relief.

(1989).

Motion for appointment of counsel and motion for extension of time to file appellant's brief denied; appellee's motion to dismiss appeal granted.