2009 Ark. 189

**Larry NEELY, Appellant,**

v.

**Hon. Lona McCASTLAIN, Prosecuting Attorney, in her official capacity as Prosecuting Attorney of the 23rd Judicial District, Lonoke County, Arkansas, and State of Arkansas, Appellees.**

No. 08–973.

Supreme Court of Arkansas.

April 9, 2009.

J. Thomas Sullivan, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Vada Berger, Ass't Att'y Gen., Little Rock, for appellee.

JIM GUNTER, Justice.

Appellant Larry Neely appeals the grant of summary judgment to the State on appellant's complaint for declaratory judgment and writ of habeas corpus. Appellant argues that the trial court erred in holding that (1) appellant failed to present a justiciable issue with regard to his declaratory judgment action, and (2) appellant was in "constructive custody" for purposes of habeas corpus and denying the habeas writ on the merits. We granted appellees' motion to transfer this case to our court; therefore, we have jurisdiction pursuant to Ark. Sup. Ct. R. 1–2(b). We affirm the grant of summary judgment.

In October 2003, several young men in the Lonoke area, ages fourteen to seventeen, received telephone calls from an unknown individual. In these phone calls, the caller sexually propositioned the boys, specifically suggesting that they engage in oral sex with him. The calls were reported to the Lonoke Police Department and were traced to appellant, who was living in Albuquerque, New Mexico. On August 12, 2005, appellant pled guilty to five misdemeanor counts of harassing communications and two felony counts of sexual indecency with a child. Appellant was sentenced to five years' probation, including three years' supervised, and ordered to pay $1900 in costs and fees. Pursuant to an agreement with the prosecuting attorney, the supervision of appellant's probation was transferred to New Mexico.[1]

On June 29, 2006, the Lonoke prosecuting attorney filed a petition to revoke appellant's probation, alleging that he had (1) refused to wear a GPS device as required by the New Mexico Probation Department; (2) violated the condition that he not live within 1000 feet of a school; and (3) failed to cooperate with his supervising officer. On August 11, 2006, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas, alleging, in-

---

1. This petition to revoke has since been dismissed.

ter alia, that the statute under which he was convicted, Ark.Code Ann. § 5–14–110 (Supp. 2007),[2] was unconstitutional, and that his felony convictions violated due process because the crimes did not occur within Arkansas's territorial jurisdiction. The district court, however, held that appellant had not met his burden of showing that he had exhausted his state remedies; therefore the district court stayed and held in abeyance appellant's federal petition pending his pursuit of state-court remedies.

Thereafter, on February 12, 2007, appellant filed a complaint for declaratory judgment and writ of habeas corpus in the Lonoke County Circuit Court. In his action for declaratory judgment, he first argued that Ark.Code Ann. § 5–14–110 was unconstitutionally vague and overbroad. Arkansas Code Annotated section 5–14–110(a) provides that a person commits sexual indecency with a child if: "Being eighteen (18) years of age or older, the person solicits another person who is less than fifteen (15) years of age or who is represented to be less than fifteen (15) years of age to engage in: (A) Sexual intercourse; (B) Deviate sexual activity; or (C) Sexual contact." Appellant argued that the term "solicits" in the statute was vague, and he asserted that the statute was overbroad because it criminalized speech that would not constitute a felony if addressed to a person over fifteen years of age. Appellant also argued that his due process rights had been violated because Arkansas never had territorial jurisdiction over him; that § 5–14–110 impermissibly authorizes conviction on a strict liability basis because it fails to require proof that he knew or should have known the victim was under the age of fifteen years, which is contrary

to the requirement of proof of culpability in the criminal code; and that § 5–14–110 improperly places the burden of proof on the element of knowledge of the victim's age on the accused if the affirmative defense of lack of knowledge or mistake is to be used, which also compromises the accused's Fifth Amendment right to remain silent. In his petition for a writ of habeas corpus, appellant repeated his territorial jurisdiction argument, contending that his criminal acts were not performed within the State and that the State's improper exercise of jurisdiction violated his federal constitutional protections.

The complaint named the State of Arkansas and Lona McCastlain, in her capacity as prosecuting attorney of the 23rd Judicial District, Lonoke County, Arkansas, as defendants. On August 20, 2007, the defendants/appellees filed a joint motion for summary judgment. At a hearing on the motion held March 20, 2008, the parties agreed that no additional evidence in the form of witness testimony or briefs was necessary, that no facts were in dispute, and that it was a "clear-cut case of just deciding matters of law." Appellant initially argued that the court may find that it had no jurisdiction to grant either the declaratory judgment or the writ of habeas, because appellant was not "in custody," but the court ruled that the prosecuting attorney had "constructive custody" of appellant because his probation was established in Arkansas. In its written order, entered on May 8, 2008, the court held that, with respect to the habeas portion of appellant's petition, the State had constructive custody over appellant until the supervised portion of his probation has ceased and that the motion for summary judgment was granted in its entirety, the

---

**2.** Arkansas Code Annotated section 5–14–110 has been amended subsequent to appellant's conviction in 2005; however, the subsection under which appellant was convicted, subsection (a)(1), has remained unchanged.

issues were moot, and the habeas petition was denied on its merits. Regarding the declaratory judgment portion of appellant's petition, the court held that there was no justiciable controversy, which was required for declaratory relief, and there were no more issues for the court to decide because appellant had entered into a negotiated plea. A notice of appeal from this order was filed on June 2, 2008.

 The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Jackson v. Blytheville Civ. Serv. Comm'n,* 345 Ark. 56, 43 S.W.3d 748 (2001). The evidence is viewed most favorably for the person resisting the motion, and any doubts or inferences are resolved against the moving party. *Id.* But in a case where the parties agree on the facts, this court simply determines whether the appellee was entitled to judgment as a matter of law. *Id.*

 For his first argument on appeal, appellant asserts that the trial court erred in holding that no justiciable issue existed in the complaint for declaratory judgment and granting summary judgment on that basis. Our statute on the right to a declaratory judgment states:

> Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Ark.Code Ann. § 16–111–104 (Repl. 2006). While this section recognizes a party's right to a declaratory judgment, a justiciable controversy is required. *Jegley v. Picado,* 349 Ark. 600, 80 S.W.3d 332 (2002). A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Shipp v. Franklin,* 370 Ark. 262, 258 S.W.3d 744 (2007). In other words, a moot case presents no justiciable issue for determination by the court. *Id.*

 Appellant argues that just as in *Jegley, supra,* in which private citizens were allowed to challenge the constitutionality of a criminal statute through a declaratory judgment action, he should be allowed to challenge the constitutionality of the statute under which he was convicted through a declaratory judgment action. In response, appellees assert that appellant's claims are not cognizable in a declaratory action, citing to *Bailey v. State,* 312 Ark. 180, 848 S.W.2d 391 (1993), in which this court held that Bailey was not allowed to challenge, via a declaratory judgment or writ of mandamus, the constitutionality of the sentences he received after being found guilty and sentenced for drug crimes. In *Bailey,* this court noted that a petition for post-conviction relief attacking a judgment, regardless of the label placed on it by the petitioner, is considered pursuant to our post-conviction rule, Ark. R.Crim. P. 37. *Id.* at 182, 848 S.W.2d at 392. A petitioner seeking Rule 37 post-conviction relief must be incarcerated in order for the rule's remedies to be available, and a person on parole or probation is not in custody for purposes of Rule 37. *See Bohanan v. State,* 336 Ark. 367, 985 S.W.2d 708 (1999) (holding that paroled inmate did not meet the "in custody" requirement for post-conviction relief); *Reeves v. State,* 339 Ark. 304, 5 S.W.3d 41 (1999) (noting that a person on probation is, by definition, not in custody). Because appellant is on probation, and therefore clearly not in custody, we hold that he is

not entitled to any post-conviction relief pursuant to Rule 37 and affirm the grant of summary judgment with regard to the declaratory judgment action.

The lack of custody is also dispositive of appellant's second argument regarding his habeas corpus petition. Arkansas law is clear that a circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Pardue v. State,* 338 Ark. 606, 999 S.W.2d 198 (1999). For his second point on appeal, appellant takes issue with the court's finding that the State had "constructive custody" of appellant, thereby making jurisdiction proper in appellant's habeas corpus action. Appellees agree with appellant that he was not in custody, citing *Reeves, supra.* Therefore, appellees contend that the circuit court properly denied appellant habeas relief, albeit for a different reason than the one articulated by the court. We agree that appellant was not in custody for purposes of habeas corpus and therefore affirm the grant of summary judgment on the habeas corpus claim. *See Harris v. City of Fort Smith,* 366 Ark. 277, 234 S.W.3d 875 (2006) (holding that a trial court's judgment can be affirmed as reaching the right result for the wrong reason).

Affirmed.