SLIP OPINION

Cite as 2017 Ark. 197

# SUPREME COURT OF ARKANSAS
No. CV–16–886

| | | |
|---|---|---|
| RUMALDO RANGEL | APPELLANT | Opinion Delivered June 1, 2017 |
| V. | | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-14-82] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE WILLIAM M. PEARSON, JUDGE |
| | | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

On August 11, 2014, appellant, Rumaldo Rangel, entered a negotiated change of plea to one count of possession with the purpose to deliver methamphetamine. The circuit court accepted the plea and sentenced Rangel to two years and an additional term of three years' suspended imposition of sentence. At the time of his plea, Rangel was not a naturalized citizen of the United States.

On November 20, 2015, Rangel filed a petition for writ of habeas corpus asserting that he was required to be provided with warnings regarding immigration and deportation pursuant to *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010). Rangel alleged that he was not provided these warnings and therefore entitled to habeas relief. On June 14, 2016, the circuit court denied Rangel's petition. Rangel timely appealed and presents one issue on appeal: the circuit court erred in denying Rangel's petition for writ of habeas corpus because Rangel was not given his *Padilla* warnings regarding immigration and deportation

SLIP OPINION

at his plea hearing.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* The writ of habeas corpus will be issued only when the commitment is invalid on its face or the committing court lacked jurisdiction. *Mackey v. Lockhart*, 307 Ark. 321, 322, 819 S.W.2d 702, 703–04 (1991) (citing *Wallace v. Willock*, 301 Ark. 69, 781 S.W.2d 484 (1989)). Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.*

With these standards in mind, we turn to our law regarding petitions for a writ of habeas corpus. "The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority." Ark. Code Ann. § 16-112-103 (a)(1)(Repl. 2016). Further, Ark. Code Ann. § 16-112-118 (b)(1)(B) provides:

> (b)(1) If it appears that the prisoner is in custody by virtue of process from any court legally constituted or issued by any officer in the exercise of judicial proceedings before him or her, the prisoner can only be discharged in one (1) of the following cases:
>
> . . .
>
> (B) Where, though the original imprisonment was lawful, yet, by some act, omission, or event which has taken place afterward, the party has become

entitled to his or her discharge[.]

Further, with regard to a writ pertaining to the release of a prisoner, Arkansas law is clear that a circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999); *Neely v. McCastlain*, 2009 Ark. 189, at 7, 306 S.W.3d 424, 428. Additionally, pursuant to Ark. Code Ann. § 5-4-101, "'[s]uspension' or 'suspend imposition of sentence' means a procedure in which a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence and without supervision." In other words, SIS does not include physical custody. Finally, we have explained that a person on probation by definition is not in custody. *Reeves v. State*, 339 Ark. 304, 310, 5 S.W.3d 41, 44 (1999).

We move now to review the order at issue, the circuit court's June 14, 2016 order denying Rangel's habeas petition, which states in pertinent part, "the Court finds it has no jurisdiction over this case since the defendant is not in custody in the territorial jurisdiction of the court. . . . The defendant's Petition for Habeas Corpus is denied with prejudice." Rangel contends that the circuit court's order is erroneous because he was not provided with the *Padilla* warnings regarding deportation and remains "aggrieved" by the SIS term and sentence and is thus entitled to habeas relief. The State responds that Rangel is not entitled to relief because he is not in custody. We agree with the State. Here, on June 6, 2016, the circuit court held a hearing on Rangel's petition. At the hearing, the following colloquy occurred:

DEFENSE COUNSEL: We are asking for the sentence part to be vacated, but, you know, it's tricky because he's already

|  | done his sentence. He's already been deported as I have been informed. |
|---|---|
| THE PROSECUTOR: | Arkansas has laid out . . . a requirement to be in custody on habeas corpus . . . so the defendant is just not entitled to relief. |
| THE COURT: | . . . One of the questions I had was where is he now? |
| DEFENSE COUNSEL: | He is back in Mexico. |
| THE COURT: | And you say he was deported? |
| DEFENSE COUNSEL: | He was deported; Your Honor; yes, sir. |
| THE COURT: | That kind of adds a third reason not to; it's moot. |
| DEFENSE COUNSEL: | It does. I don't disagree with that, your Honor. |

Here, the record clearly indicates that, despite Rangel's SIS sentence, Rangel is not in custody, as defined by our laws. As discussed above, the circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *See Pardue*, 338 Ark. 606, 999 S.W.2d 198; *Neely*, 2009 Ark. 189, 7, 306 S.W.3d 424. Therefore, we agree that the circuit court lacked jurisdiction to grant habeas relief. Accordingly, for the reasons discussed above, the circuit court did not err in denying Rangel habeas relief.

Affirmed.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.