SLIP OPINION

Cite as 2017 Ark. 267

# SUPREME COURT OF ARKANSAS

No. CV–16–834

HAROLD EUGENE ROGERS

APPELLANT

V.

GLEENOVER KNIGHT

APPELLEE

Opinion Delivered: October 5, 2017

APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CV-16-53]

HONORABLE JODI RAINES DENNIS, JUDGE

AFFIRMED.

**RHONDA K. WOOD, Associate Justice**

Harold Eugene Rogers, appearing pro se, appeals the dismissal of his petition for declaratory judgment and writ of mandamus. Rogers's petition alleged that Knight, as records supervisor for the Arkansas Department of Correction (ADC), miscalculated Rogers's parole eligibility. The circuit court dismissed the petition with prejudice because Rogers was parole eligible and he had a parole hearing; therefore, no justiciable controversy existed. We affirm.

In 1973, a Sebastian County jury convicted Rogers of rape and sentenced him to life imprisonment. In 1980, Rogers was convicted of a second rape, which he committed while he was in prison. For that crime, he was sentenced to ten years' imprisonment to be served consecutively to his life sentence. In 2015, Rogers filed a petition for writ of habeas corpus alleging that because he was sixteen years old when he committed the first rape, the life sentence violated the Eighth Amendment under *Graham v. Florida*, 560 U.S. 48 (2010). The circuit court agreed and resentenced him to ninety years' imprisonment.

On May 31, 2016, Rogers filed a petition for declaratory judgment and writ of mandamus pertaining to the statutes that govern his parole-eligibility dates. He alleged that under *Bosnick v. Lockhart*, 283 Ark. 533, 677 S.W.2d 292 (1984), his parole eligibility as to both of his sentences should be governed by the parole statute in effect at the time of his 1973 conviction because it was his "original sentence."[1] Rogers believed the ADC was requiring him to serve one-half of his aggregate 100-year sentence before becoming eligible for parole, and he asserted that he was parole eligible.

In response, the State asserted that Rogers's requested relief should be denied because Rogers was already parole eligible and had a parole hearing on May 5, 2016. It attached an ADC document titled "Inmate Record Summary," which showed that Rogers already had a parole hearing. It argued that because Rogers was parole eligible, there was no justiciable controversy. The circuit court agreed and dismissed Rogers's petition with prejudice.

Because the circuit court considered exhibits outside the pleadings in making its ruling, we will treat the dismissal as one on summary judgment. *See Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc.*, 2013 Ark. 130, 426 S.W.3d 448. The purpose of a declaratory judgment "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Ark. Dep't of Human Servs. v. Civitan Ctr., Inc.*, 2012 Ark. 40, 386 S.W.3d 432. Declaratory relief may be granted if the petitioner establishes (1) a justiciable controversy; (2) that the controversy is between persons whose interests are

---

[1] At the time of his 1973 sentencing, Ark. Stat. Ann. § 43-2807 (Supp. 1971) was the governing parole statute. Under Ark. Stat. Ann. § 43-2807, Rogers was parole eligible after serving one-third of his ninety-year-sentence. However, the controlling statute at the time of his 1980 sentence required him to serve one-half of the sentence before he would be eligible for parole. *See* Ark. Stat. Ann. § 43-2829 (Repl. 1977).

adverse; (3) that the party seeking relief has a legal interest in the controversy; and (4) that the issue involved in the controversy is ripe for judicial determination. *Id.* We review a circuit court's decision that there is no justiciable controversy de novo. *Brown v. State*, 2017 Ark. 232, 522 S.W.3d 791.

We agree that no justiciable controversy exists. Rogers claims he is parole eligible and has a right to a parole hearing. The State is not contesting his parole eligibility or his entitlement to a parole hearing, and in fact had provided him such prior to the filing of the petition. A controversy is justiciable when "a claim of right is asserted against one who has an interest in contesting it." *McCutchen v. City of Fort Smith*, 2012 Ark. 452, at 14, 425 S.W.3d 671, 681–82 (citing *MacSteel Div. of Quanex v. Ark. Okla. Gas Corp.*, 363 Ark. 22, 35, 210 S.W.3d 878, 886 (2005)). A case is nonjusticiable "when any judgment rendered would have no practical legal effect upon a then-existing legal controversy." *Neely v. McCastlain*, 2009 Ark. 189, at 5, 306 S.W.3d 424, 427.

In his petition, Rogers also asked the circuit court to issue a writ of mandamus directing Knight to apply Ark. Stat. Ann. § 43-2807 to both of his rape sentences so that he would be parole eligible. Again, the State submitted an exhibit showing he was parole eligible at the time he filed his petition, and he had a parole hearing. Rogers presented no evidence or argument to contradict this. Accordingly, the circuit court did not err in denying Rogers's petition for declaratory judgment and writ of mandamus.

Affirmed.

BAKER and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** I cannot agree with the majority's decision to affirm the circuit court's denial of Rogers's petition for declaratory judgment and writ of mandamus. Specifically, I cannot agree that no justiciable controversy exists simply because Rogers was eligible for parole at the time his petition was filed and he had a parole hearing. Because I would reverse and remand this case for a hearing to determine whether a writ of mandamus is appropriate, I must respectfully dissent.

In the July 13, 2016 order denying Rogers's petition, the circuit court found that "[i]t appears that the petitioner is upset that his parole was not granted and filed this matter in an effort to gain immediate release." This statement is inaccurate. What Rogers asked was that his parole eligibility be accurately calculated pursuant to applicable law. He did not ask for a parole hearing. Based on the record before us, I cannot determine whether an accurate calculation was completed. Specifically, the record contains two letters from appellant Knight to Rogers. The March 1, 2016 letter states that "[y]our total sentence of 100 years began 11/5/1973." The March 4, 2016 letter states that "[y]our second offense of Rape was committed 3/8/1980 and falls under Act 93 which came into effect 4/1/77 and states that second offenders (which you are) falls under this Act and must serve one half of your time before being parole eligible." However, another document pertaining to Rogers's 1980 rape conviction contains a section entitled "Minimum Release." This section reflects that Rogers's sentence will begin on "12/08/2021." However, the same document also contains a section entitled "Parole Eligibility." This section reflects that Rogers's sentence began on "05/21/1991" and his parole-eligibility date was

"01/17/1995." Based on the foregoing, I cannot say that Rogers's parole eligibility has been accurately calculated pursuant to the applicable law.

Finally, I must note that the majority cites *Neely v. McCastlain* for the proposition that "a case is nonjusticiable 'when any judgment rendered would have no practical legal effect upon a then-existing legal controversy.' 2009 Ark. 189, at 5, 306 S.W.3d 424, 427." However, *Neely* states that "[a] case becomes *moot* when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. In other words, a *moot* case presents no justiciable issue for determination by the court." *Id.* at 5–6, 306 S.W.3d at 427. (internal citations omitted) (emphasis added). There is at least a question of fact as to whether Rogers's parole eligibility was correctly calculated. Further, because it is unclear what impact an incorrect calculation may have on Rogers, pursuant to *Neely*, I cannot say that Rogers's case presents no justiciable issue based on mootness.

In sum, because I would reverse and remand this case for a hearing to determine whether a writ of mandamus is appropriate, I must dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** In my view, Harold Eugene Rogers's petition established that he pled a justiciable issue. In his Petition and brief, Rogers relied on *Bosnick v. Lockhart*, 283 Ark. 206, 672 S.W.2d 52 (1984), which, as in the case before us, involved a petition for declaratory judgment and writ of mandamus. In *Bosnick*, a prisoner serving a life sentence escaped. After he was apprehended, he received a three-year sentence for the escape, set to run consecutive to his life term. The Department of Correction (ADC) calculated *Bosnick*'s parole eligibility in accordance with Act 93 of 1977, that had been passed after his life sentence had been imposed but before his sentence for

escape. The *Bosnick* court held that such a scheme violated the Ex Post Facto Clause of the Constitution. The *Bosnick* court also issued a writ of mandamus compelling the ADC to properly calculate and credit him with the correct parole eligibility date. *Bosnick* proscribed the type of parole eligibility calculation to which Rogers believed he was being subjected. Because Rogers's petition essentially asserted the same facts upon which the *Bosnick* court held were sufficient to grant relief, stare decisis dictates that Rogers's pleadings established a justiciable controversy.

Summary dismissal of Rogers's petition for failure to state a justiciable issue is permissible only if he failed to plead the requisite predicate facts necessary to establish his entitlement to declaratory judgment. See *Crawford v. Cashion,* 2010 Ark. 124, 361 S.W.3d 268 (per curiam) (affirming dismissal of a declaratory-judgment petition that did not plead sufficient facts to establish entitlement to a declaratory judgment). The circuit court's conclusion is based on the response filed by the Arkansas Department of Correction (ADC) on June 29, 2016, rather than Rogers's petition. The record reflects that on March 28, 2016, Rogers's petition was notarized at the prison and that Rogers served his petition on the attorney general by U.S. Mail on March 30, 2016. At this time, Rogers had not received a parole hearing or a parole-eligibility date. Inexplicably, Roger's petition was not file-marked until May 31, 2016. By the time his petition was actually file-marked, he had received a parole hearing and was denied parole. However, Rogers Petition did not ask for a parole hearing. It sought a proper calculation of eligibility as required by *Bosnick.*

Rogers attached several documents to his declaratory judgment petition asking the circuit court to find that the ADC had failed to properly calculating his parole-eligibility

date. He also asked the court to issue a writ of mandamus requiring the ADC to calculate his correct date for parole-eligibility. These exhibits included his 2016 re-sentencing order and documents that he received from the ADC. The latter included a letter dated February 27, 1985, informing him that his "life + 10 year sentence began on November 5, 1973", and that his "release date is controlled by [his] original sentence of life"; a letter dated March 4, 2016 informing him that his second offence, which he committed on March 8,1980, "falls under Act 93 which came into effect April 1, 1977". Act 93 required him to "serve one half of [his] sentence before being parole eligible". The pleading and the attached documents establishes that Rogers's sought an order requiring ADC to comply with this court's decision in *Bosnick*. The purpose of a declaratory judgment is "to settle and to afford relief from uncertainty and insecurity with respect rights, status, and other legal relations". Ark. Code Ann. section 16-111-102(b) (Repl. 2016). Each of these requirements is met by Rogers pleadings.

The Attorney General, representing the ADC, filed a response on June 29, 2016 praying that the circuit court deny Rogers relief and dismiss his petition. Although it did not address the issue presented, the ADC asserted that Rogers was now parole eligible and attached to the response was a document titled "Inmate Record Summary", which showed that Rogers had been denied parole after a hearing on May 5, 2016. Significantly, this document shows that it was generated on June 7, 2016. It is not logical to suggest that Roger's petition failed to establish a justiciable controversy when that assertion was based on a document that did not exist at the time Rogers drafted his pleadings. However, the majority side steps the issue by asserting that the petition is a request for a parole hearing. A

parole hearing was not requested by the pleading that was summarily dismissed by the trail court.

The circuit court's finding of parole eligibility and dismissal of his petition for lack of a justiciable issue does not answer the issue presented by Rogers's declaratory judgment petition. Neither the eligibility determination nor a finding that a parole hearing was held establishes whether the hearing related to only one sentence or both sentences for which Rogers was incarcerated. Likewise, whether Rogers's parole hearing was based on ninety years plus ten or one hundred years is different from a hearing on the ninety years without granting a hearing on his second sentence of ten years. The interplay between the two sentences and the computation of eligibility is subject to different calculations by the ADC when they establish parole eligibility. Rogers's petition alleges a miscalculation and appropriately seeks a writ of mandamus. Even so, on July 13, 2016, at 8:37 a.m., the circuit court entered its order dismissing Roger's petition with prejudice, because Rogers had received a parole hearing and therefore, had failed to state a justiciable issue.

However, I cannot subscribe to the majority's logic that Rogers's failure to respond to the ADC's pleading is grounds for disposing of this case. Rogers did respond in a timely manner on July 13, 2016. While the circuit court made a summary disposition by order filed July 13, 2016, the court failed to provide Rogers with notice of its intention as required by Arkansas Rule of Civil Procedure 56. The court's failure to consider Rogers's response is troubling, particularly so, since his response to the ADC suggests that the time calculations by ADC treats his two sentences separately. Exhibit F to his pleadings provides a minimum release date on the 1973 sentence as 12/08/2021 and exhibit E, a separate document, relates

8

to his second offense of 1980 and establishes his sentence beginning date as 12/08/2021. Neither, the documents nor Rule 56 was considered by the trial court or this court in the dismissal of Rogers petition.

Absent evidence explaining how ADC calculated the two sentences as required by *Bosnick*, we cannot determine the merits of Rogers's petition, and therefore I would reverse and remand for further proceedings.

*Harold Eugene Rogers*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.