Karen R. Baker, Justice, dissenting. |4I cannot agree with the majority’s decision to affirm the circuit court’s denial of Rogers’s petition for declaratory judgment and writ of mandamus. Specifically, I cannot agree that no justiciable controversy exists simply because Rogers was eligible for parole at the time his petition was filed and he had a parole hearing. Because I would reverse and remand this case for a hearing to determine whether a writ of mandamus is appropriate, I must respectfully dissent. In the July 13, 2016 order denying Rogers’s petition, the circuit court found that “[i]t appears that the petitioner is upset that his parole was not granted and filed this matter in an effort to gain immediate release.” This statement is inaccurate. What Rogers asked was that his parole eligibility be accurately calculated pursuant to applicable law. He did not ask for a parole hearing. Based on the record before us, I cannot determine whether an accurate calculation was completed. Specifically, the record contains two letters from appellant Knight to Rogers. The March 1, 2016 letter states that “[y]our total sentence of 100 years began li/5/1973,” The March 4, 2016 letter states that “[y]our second offense of Rape was committed 3/8/1980 and falls under Act 93 which came into effect 4/1/77 and states that second offenders (which you are) falls under this Act and must serve one half of your time before being parole eligible.”' However, another document pertaining to Rogers’s 1980 rape conviction contains a section entitled “Minimum Release.” This section reflects that Rogers’s sentence will begin on “12/08/2021.” However, the same document also contains a section entitled “Parole Eligibility.” This section reflects that Rogers’s sentence began on “05/21/1991” and his parole-eligibility date was 15“01/17/1995.” Based on the foregoing, I cannot say that Rogers’s parole eligibility has been accurately calculated pursuant to the applicable law. Finally, I must note that the majority cites Neely v. McCastlain for the proposition that “a case is nonjusticiable ‘when any judgment rendered would have no practical legal effect upon a then-existing legal controversy.’ 2009 Ark. 189, at 5, 306 S.W.3d 424, 427.” However, Neely states that “[a] ease becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. In other words, a moot case presents no justiciable issue for determination by the court,” Id. at 5-6, 306 S.W.3d at 427. (internal citations omitted) (emphasis added). There is at least a question of fact as to whether Rogers’s parole eligibility was correctly calculated. Further, because it is unclear what impact an incorrect calculation may have on Rogers, pursuant to Neely, I cannot say that Rogers’s case presents no justiciable issue based on mootness. In sum, because I would reverse and remand this case for a hearing to determine whether a writ of mandamus is appropriate, I must dissent.