Cite as 2022 Ark. 84

# SUPREME COURT OF ARKANSAS

**No.** CV–21–485

| | | |
|---|---|---|
| MICHAEL HENDERSON | | **Opinion Delivered:** April 14, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | JEFFERSON COUNTY CIRCUIT COURT |
| | | [NO. 35CV-21-401] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | <u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Michael Henderson appeals the circuit court's denial and dismissal of his pro se petition for a writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Because Henderson's allegations are not cognizable in a habeas proceeding, we affirm.

In April 2009, the Columbia County Circuit Court entered judgment reflecting that Henderson had entered a plea of guilty to aggravated robbery and had been sentenced to 360 months'—or 30 years'—imprisonment plus an additional 60 months'—or 5 years'—suspended imposition of sentence. In a supplemental order, the trial court set forth conditions with respect to the suspended sentence that included reporting to a supervising officer. Henderson, who is incarcerated in the county where he filed his petition, filed the petition on July 9, 2021. He alleged therein that the trial court placed supervisory conditions on his suspended sentence that converted the suspended sentence into an illegal imposition

of probation following a term of imprisonment. A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

As stated above, Henderson alleges that the trial court imposed an illegal sentence in the form of a suspended sentence that required him to report to a supervising officer during the five-year period. According to Henderson, the trial court had, in fact, imposed a period of probation following a period of imprisonment, which is prohibited by Arkansas Code Annotated section 5-4-104(e)(3)(B) (Repl. 2006). Henderson is correct that the supervisory

provisions included in the conditions of the suspended sentence have imposed a period of probation that is prohibited. *See Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003); *see also Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992) (The distinction between probation and suspension is one of supervision.). However, a request for the issuance of a writ of habeas corpus is not the correct avenue for relief.

Henderson erroneously claims that the illegal imposition of probation following his term of imprisonment renders his entire sentence for aggravated robbery illegal and entitles him to issuance of the writ. Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. The face of the judgment and commitment order reflects Henderson was convicted of aggravated robbery and was sentenced to thirty years' imprisonment plus an additional five years' suspended sentence. The face of the commitment order does not impose any conditions on the suspended sentence. Aggravated robbery is a Class Y felony. *See* Ark. Code Ann. § 5-12-103(b) (Repl. 2006). The maximum sentence for a Class Y felony is forty years or life. Ark. Code Ann. § 5-4-401. Therefore, the face of the judgment reflects an aggregate sentence of thirty-five years consisting of a term of imprisonment followed by a suspended imposition of sentence, which is legal on its face.

Henderson is currently in custody serving a thirty-year term of imprisonment and is not being detained by unlawful authority. *See* Ark. Code Ann. § 16-112-103. Henderson's claim that the suspended sentence is illegal does not come within the purview of habeas

relief in that a writ is issued only to persons who are in custody illegally within the jurisdiction of the circuit court. *See Neely v. McCastlain*, 2009 Ark. 189, 306 S.W.3d 424. As stated above, the suspended imposition of sentence under section 5-4-104 requires that the defendant be released without supervision, and as such, a defendant serving a suspended sentence is not in physical custody as required for issuance of the writ. *Rangel v. State*, 2017 Ark. 197, 520 S.W.3d 668. Therefore, the correction of the conditions of Henderson's suspended sentence is outside the ambit of habeas relief.[1] Henderson has failed to demonstrate that he is currently being illegally detained within the circuit court's jurisdiction. The circuit court did not clearly err when it denied Henderson's petition for habeas relief.

Affirmed.

WOOD and WEBB, JJ., concur in part and dissent in part.

**RHONDA K. WOOD, Justice, concurring in part and dissenting in part.** Henderson argues that the Columbia County Circuit Court's "conditions of suspended imposition of sentence" order is illegal. The State concedes this point. I agree the circuit court properly denied Henderson's writ for habeas corpus because his judgment and commitment order is not facially illegal. But I would remand with instructions to transfer

---

[1]To the extent that Henderson seeks the correction of an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016), he erroneously filed his request for relief in the circuit court in the county where he is incarcerated rather than in the trial court where he was convicted and sentenced. *See Grant v. State*, 2020 Ark. 282 (stating that petitions for relief under section 16-90-111 must be filed in the circuit court where the judgment of conviction was entered.).

4

to the sentencing court in Columbia County to correct the facially invalid "conditions of suspended imposition of sentence" order. *See Waller v. State*, 2020 Ark. 381.

WEBB, J., joins.

*Michael Henderson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.