Cite as 2023 Ark. 45

# SUPREME COURT OF ARKANSAS

**No.** CV-22-352

|  |  |
|---|---|
| | **Opinion Delivered:** March 16, 2023 |
| KEITH GIBSON, MARIE HOLDER, ROBERT S. MOORE, JR., ALEC FARMER, AND PHILIP TALDO, MEMBERS OF THE ARKANSAS STATE HIGHWAY COMMISSION; LORIE TUDOR, DIRECTOR OF THE ARKANSAS DEPARTMENT OF TRANSPORTATION; AND THE ARKANSAS DEPARTMENT OF TRANSPORTATION | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-20-6460] HONORABLE MACKIE M.PIERCE, JUDGE |
| APPELLANTS | REVERSED AND REMANDED. |
| V. | |
| THE LITTLE ROCK DOWNTOWN NEIGHBORHOOD ASSOCIATION, INC.; THE PETTAWAY NEIGHBORHOOD ASSOCIATION; THE HANGER HILL NEIGHBORHOOD ASSOCIATION; THE FOREST HILLS NEIGHBORHOOD ASSOCIATION, INC.; THE COALITION OF LITTLE ROCK NEIGHBORHOODS, INC.; ARKANSAS COMMUNITIES ORGANIZATION, INC.; JOSHUA SILVERSTEIN; DALE PEKAR; JOHN HEDRICK; DENISE ENNETT; ROHN MUSE; BARBARA BARROWS; AND KATHY WELLS | |
| APPELLEES | |

**COURTNEY RAE HUDSON, Associate Justice**

Appellants Keith Gibson, Marie Holder, Robert S. Moore, Jr., Alec Farmer, and Philip Taldo, members of the Arkansas State Highway Commission; Lorie Tudor, Director of the Arkansas Department of Transportation ("ArDOT"); and ArDOT (collectively, "the Highway appellants") appeal from the Pulaski County Circuit Court's order granting summary judgment in favor of appellees, the Little Rock Downtown Neighborhood Association, Inc.; the Pettaway Neighborhood Association; the Hanger Hill Neighborhood Association; the Forest Hills Neighborhood Association, Inc.; the Coalition of Little Rock Neighborhoods, Inc.; Arkansas Communities Organization, Inc.; Joshua Silverstein; Dale Pekar; John Hedrick; Denise Ennett; Rohn Muse; Barbara Barrows; and Kathy Wells, on their illegal-exaction claim related to Amendment 101 to the Arkansas Constitution. For reversal, the Highway appellants argue that (1) the circuit court erred in granting summary judgment because no justiciable controversy exists that entitles appellees to declaratory relief; (2) the circuit court erred by adding a non-existent-lane restriction to Amendment 101 funds; and (3) the circuit court abused its discretion by sua sponte issuing an injunction. We reverse and remand.

Amendment 91, which was approved by a majority of the voters in November 2012 and became effective on July 1, 2013, authorized a temporary one-half percent sales-and-use tax to fund highway improvement bonds for "four-lane highway improvements." Ark. Const. amend. 91, § 4. According to Amendment 91, this tax is to be collected over a ten-year period, or until no bonds are left outstanding to which the tax collections are pledged. Ark. Const. amend. 91, §§ 4(d), 8(a). This court concluded in *Buonauito v. Gibson*, 2020 Ark. 352, 609 S.W.3d 381, that Amendment 91's repeated references to "four-lane highways" and lack of a specific reference to six-lane interstate highways meant that the Amendment 91 funds could

not be used on the latter, such as projects CA0602 (the I-30 Crossing Project) and CA0608 (the I-630 Project) that were challenged in that illegal-exaction case.

In November 2020, the voters approved Amendment 101, which continued the 0.5 percent sales-and-use tax levied under Amendment 91 after the retirement of the bonds authorized in that amendment "to provide special revenue for use of maintaining, repairing, and improving the state's system of highways, county roads, and city streets." Ark. Const. amend. 101, § 1(c). According to Amendment 101, § 4(a), this tax shall be levied and collected on and after July 1, 2023, if a statement attesting that there are no bonds issued under Amendment 91 outstanding or that there are sufficient funds set aside to pay any outstanding bonds is filed with the Chief Fiscal Officer of the State before June 1, 2023. If a written statement to this effect has not been filed before June 1, 2023, the tax shall not be levied and collected until the first day of the first calendar quarter beginning more than thirty days after this written statement is filed. Ark. Const. amend. 101, § 4(b).

On January 5, 2021, appellees filed a first amended complaint for declaratory judgment, an accounting, and an injunction against the Highway appellants and Dennis Milligan, Treasurer of the State of Arkansas; Andrea Lea, Auditor of the State of Arkansas; Larry W. Walther, Director of the Arkansas Department of Finance and Administration; and Asa Hutchinson, Governor of the State of Arkansas (collectively, "the State defendants").[1] The complaint raised claims related to tax revenue from both Amendment 91 and Amendment 101. Specifically, appellees alleged that the defendants had continued to commit an illegal exaction by spending Amendment 91 funds on highway projects involving more than four lanes in contravention of

_____

[1]The State defendants did not file a notice of appeal from the circuit court's order and are not involved in this appeal.

3

our *Buonauito* opinion. Appellees requested declaratory, injunctive, and mandamus relief on this claim. In addition, appellees alleged that Amendment 101 contained the same four-lane limitation as Amendment 91 and requested a declaratory judgment to this effect. The Highway appellants and the State defendants filed answers to the amended complaint denying that appellees were entitled to any of the relief that they requested.

Appellees filed a motion for summary judgment on October 21, 2021, arguing that the completed or ongoing construction work on eight projects, all of which involved widening highways from four lanes to six or more lanes and were funded in part by Amendment 91 revenue, was an illegal use of the funds in violation of *Buonauito* and article 16, section 13 of the Arkansas Constitution. The summary-judgment motion further contended that the proposed use of Amendment 101 funds for purposes other than the construction and/or maintenance of four-lane highways was contrary to the provisions of that amendment, Amendment 91, and *Buonauito*. In a statement of undisputed facts filed in support of their motion, appellees attached an exhibit demonstrating that ArDOT had executed a request to Metroplan to amend the "Statewide Transportation Improvement Plan" to increase the funding available for the I–30 Crossing Project by $350 million following the passage of Amendment 101. Another exhibit showed that on April 29, 2020, Metroplan adopted Resolution 20-09 approving ArDOT's request that $350 million be reflected in central Arkansas's transportation improvement plan for the I-30 Crossing project and noting that the additional funding was to be provided via passage of Amendment 101 in November 2020.

The Highway appellants and the State defendants filed a joint response in opposition to appellees' summary-judgment motion as well as a joint cross-motion for summary judgment. The cross-motion argued that appellees' illegal-exaction claim under Amendment 91 failed

because all of the projects challenged by appellees concerned four-lane roadways. The Highway appellants and the State defendants further asserted that Amendment 101 contained no language limiting its funding to four-lane highways and that they were entitled to summary judgment on this claim as well. Finally, the cross-motion contended that appellees' suit was also barred by res judicata.

The circuit court held a hearing on the parties' motions for summary judgment on January 18, 2022. In addition to the arguments presented in their motion and brief, the Highway appellants claimed that appellees' Amendment 101 claim was not yet ripe or justiciable because no funds had been collected or spent pursuant to that amendment. The circuit court entered an order on February 8, 2022, granting summary judgment in favor of the Highway appellants and the State defendants on appellees' Amendment 91 illegal-exaction claim. The court found that the Highway appellants and the State defendants did not spend Amendment 91 funds improperly by widening four-lane highways and that appellees' claim was also barred by res judicata. However, the circuit court granted summary judgment in favor of appellees on their Amendment 101 claim, concluding that Amendment 101 was subject to the same four-lane restriction applicable to Amendment 91. The court permanently enjoined the Highway appellants from expending any taxes derived from Amendment 101 on highway projects of more than four lanes, including the I-30 Crossing project. The court found that its opinion on this issue was not advisory due to the Highway appellants' previous pledge and commitment to use $350 million of Amendment 101 revenue on that project.

The Highway appellants timely appealed from the portion of the circuit court's order granting summary judgment to appellees on their Amendment 101 claim. Appellees also filed a notice of cross-appeal from the circuit court's ruling regarding Amendment 91. However, they

5

have indicated in their brief that they have abandoned this cross-appeal. Thus, the only issue before us is the circuit court's ruling pertaining to Amendment 101.

Ordinarily, on appeal from a summary-judgment order, we view the evidence in the light most favorable to the party resisting the motion, and any doubts and inferences are resolved against the moving party. *City of Fort Smith v. Wade*, 2019 Ark. 222, 578 S.W.3d 276. However, when the parties agree on the facts, we simply determine whether the appellees were entitled to judgment as a matter of law. *Ark. State Police Ret. Sys. v. Sligh*, 2017 Ark. 109, 516 S.W.3d 241. When parties file cross-motions for summary judgment, as in this case, they essentially agree that there are no material questions of fact remaining and that summary judgment is an appropriate means of resolving the case. *Id.* As to issues of law presented, our review is de novo. *Wade, supra.*

The Highway appellants first contend that the circuit court erred in granting summary judgment to appellees because no justiciable controversy exists that entitles them to declaratory relief. The Highway appellants assert that because Amendment 101 does not take effect until July 1, 2023, at the earliest, no tax revenue has been collected or spent pursuant to this amendment. The Highway appellants thus argue that appellees' claim is contingent on hypothetical future events and that the circuit court's ruling amounts to an impermissible advisory opinion.

This court has held that the following elements must be established to obtain declaratory relief: (1) a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy; in other words, a legally protectable interest; and (4) the issue

6

involved in the controversy must be ripe for judicial determination. *Palade v. Bd. of Trs. of Univ. of Ark. Sys.*, 2022 Ark. 119, 643 S.W.3d 1. We have explained that

> [t]he Declaratory Judgment Statute is applicable only where there is a present actual controversy, and all interested persons are made parties, and only where justiciable issues are presented. It does not undertake to decide the legal effect of laws upon a state of facts which is future, contingent or uncertain. A declaratory judgment will not be granted unless the danger or dilemma of the plaintiff is present, not contingent on the happening of hypothetical future events; the prejudice to his position must be actual and genuine and not merely possible, speculative, contingent, or remote.

*Id*. at 8, 645 S.W.3d at 6 (quoting *Nelson v. Ark. Rural Med. Practice Loan & Scholarship Bd.*, 2011 Ark. 491, at 12, 385 S.W.3d 762, 769).

We disagree with the Highway appellants that the facts in this case do not present a justiciable controversy. According to the exhibits attached to appellees' statement of undisputed facts, ArDOT has already committed $350 million of revenue from Amendment 101 to the I–30 Crossing project, and an amended transportation improvement plan was approved by Metroplan on the basis of this commitment. Amendment 101 was approved by the voters in 2022, and collection of revenue pursuant to this amendment is imminent. Thus, the harm alleged by appellees is not hypothetical, speculative, or remote. The factual situation in this case is clearly distinguishable from that in *Palade*, *supra*, wherein we held that the plaintiffs' claims were nonjusticiable because they were based on policy changes that might or might not be applied in the future to unspecified conduct that the plaintiffs alleged could not have been the subject of disciplinary action under the prior version of the policy.

While the Highway appellants contend that their pledge of Amendment 101 funds was "not set in stone" and that the transportation improvement plans were subject to change, they have not disputed their current commitment or indicated any intent to further amend these plans. As this court stated in *Jegley v. Picado*, 349 Ark. 600, 615, 80 S.W.3d 332, 339 (2002),

7

"[a] plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement. But '[o]ne does not have to await the consummation of threatened injury to obtain preventative relief. If the injury is certainly impending, that is enough.'" (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). We have held that a declaratory judgment is "a remedy peculiarly appropriate to controversies between private citizens and public officials about the meaning of statutes" and that this statement applies equally to controversies about the interpretation of our constitution. *Jones v. Clark*, 278 Ark. 119, 122, 644 S.W.2d 257, 259 (1983) (quoting *Culp v. Scurlock*, 225 Ark. 749, 284 S.W.2d 851 (1955)). It would be improper to determine that this controversy lacks justiciability and delay final resolution for the parties and the people of Arkansas. Accordingly, we conclude that the circuit court did not err by determining that appellees' Amendment 101 claim was justiciable.

The Highway appellants next argue that the circuit court erred in granting relief to appellees because it added a non-existent-lane restriction to funds from Amendment 101. Amendment 101 is set out in its entirety below:

§ 1. Intent of amendment

(a) Arkansas Constitution, Amendment 91, levies a one-half percent sales and use tax to provide additional funding for the state's four-lane highway system, county roads, and city streets.

(b) The one-half percent sales and use tax under Arkansas Constitution, Amendment 91, shall be abolished when there are no bonds outstanding to which tax collections are pledged as provided in this amendment.

(c) Notwithstanding Arkansas Constitution, Amendment 91, § 8, it is the intent of this amendment that the sales and use tax levied under Arkansas Constitution, Amendment 91, continue after the retirement of the bonds authorized in Arkansas Constitution, Amendment 91, to provide special revenue for use of maintaining, repairing, and improving the state's system of highways, county roads, and city streets.

## § 2. Excise tax

(a)(1) Except for food and food ingredients, an additional excise tax of one-half percent (0.5%) is levied on all taxable sales of tangible personal property, specified digital products, a digital code, and services subject to the tax levied by the Arkansas Gross Receipts Act of 1941, Arkansas Code § 26-52-101 et seq.

(2) The tax shall be collected, reported, and paid in the same manner and at the same time as is prescribed by law for the collection, reporting, and payment of all other Arkansas gross receipts taxes.

(b)(1) Except for food and food ingredients, an additional excise tax of one-half percent (0.5%) is levied on all tangible personal property, specified digital products, a digital code, and services subject to the tax levied by the Arkansas Compensating Tax Act of 1949, Arkansas Code § 26-53-101 et seq.

(2) The tax shall be collected, reported, and paid in the same manner and at the same time as is prescribed by law for the collection, reporting, and payment of Arkansas compensating taxes.

## § 3. Disposition of revenue

(a) The revenue from the taxes levied under § 2 of this amendment shall be distributed to the State Highway and Transportation Department Fund, the County Aid Fund, and the Municipal Aid Fund in the percentages provided in sections § 27-70-201 and § 27-70-206 of the Arkansas Highway Revenue Distribution Law.
(b) No revenue derived from the taxes levied under § 2 of this amendment shall be used to secure bonds issued by the State Highway Commission.

## § 4. Effective date

(a) If the Chief Fiscal Officer of the State determines that a written statement under Arkansas Constitution, Amendment 91, § 8(b), has been filed with the Chief Fiscal Officer of the State before June 1, 2023, the tax under § 2 of this amendment shall be levied and collected on and after July 1, 2023.

(b) If a written statement under Arkansas Constitution, Amendment 91, § 8(b), has not been filed with the Chief Fiscal Officer of the State before June 1, 2023, the tax under § 2 of this amendment shall not be levied and collected until the first day of the first calendar quarter beginning more than thirty (30) days after a written statement under Arkansas Constitution, Amendment 91, § 8(b), is filed with the Chief Fiscal Officer of the State.

We review the circuit court's interpretation of the constitution de novo, as it is for this court to determine the meaning of a constitutional provision. *Johnson v. Wright*, 2022 Ark. 57, 640 S.W.3d 401; *Cent. Okla. Pipeline, Inc. v. Hawk Field Servs., LLC*, 2012 Ark. 157, 400 S.W.3d 701. Our task is to read the law as it is written and interpret it in accordance with established principles of constitutional construction. *Johnson*, *supra*. When the language of the constitution is plain and unambiguous, each word must be given its obvious and common meaning. *Id*. Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision. *Buonauito*, *supra*.

The Highway appellants contend that the language of Amendment 101 is plain and unambiguous and that it does not contain the same four-lane restriction as Amendment 91. We agree. Amendment 101 clearly states that its intent is to continue the tax levied under Amendment 91 "to provide special revenue for use of maintaining, repairing, and improving the state's system of highways, county roads, and city streets." Ark. Const. amend. 101, § 1(c). No language in the intent section of Amendment 101, or in the remainder of the amendment, indicates that the funds collected may only be utilized on four-lane-highway improvements. In fact, the only mention of four-lane highways is in reference to the prior tax levied under Amendment 91. Ark. Const. amend. 101, § 1(a). We note that this is in stark contrast to Amendment 91, which includes the term "four-lane highway" more than thirty times. *Buonauito*, *supra*. We will not add words to a statutory or constitutional provision to convey a meaning that is not there. *3 Rivers Logistics, Inc. v. Brown-Wright Post No. 158 of the Am. Legion, Dep't of Ark., Inc.*, 2018 Ark. 91, 548 S.W.3d 137. While appellees argued that a constitutional amendment only makes changes that are clearly expressed in the amendment, the language in Amendment 101, §1(c) is clear—it is intended to provide revenue for the "state's system of

highways, county roads, and city streets," regardless of the number of lanes. Thus, because the circuit court erred in its interpretation of Amendment 101, we reverse the circuit court's grant of summary judgment to appellees and remand for entry of an order consistent with this opinion. Given our decision, it is unnecessary to address the Highway appellants' argument that the circuit court erred by issuing an injunction.

Reversed and remanded.

WOOD, J., concurs.

KEMP, C.J., dissents.

**JOHN DAN KEMP, Chief Justice, dissenting.** In my view, this appeal does not present a justiciable issue for this court to determine. For the reasons set forth below, I respectfully dissent.

Our law is clear that declaratory relief will lie when (1) there is a justiciable controversy; (2) it exists between parties with adverse interests; (3) those seeking relief have a legal interest in the controversy; and (4) the issues involved are ripe for decision. *U.S. Term Limits, Inc. v. Hill*, 316 Ark. 251, 260, 872 S.W.2d 349, 354 (1994). The purpose of the declaratory-judgment statutory scheme "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations[.]" Ark. Code Ann. § 16-111-112 (Repl. 2016).

In the case at bar, there is no justiciable controversy at the present time. Amendment 101 will not take effect until July 1, 2023. Pursuant to Amendment 101, section 4(a) of the Arkansas Constitution, the half-cent sales-and-use tax has not yet been collected, and accordingly, Amendment 101 revenue has not yet been expended. Any pledge of those funds made by the Highway appellants was "not set in stone." This court has long held that "courts do not sit for the purpose of determining speculative and abstract questions of law or laying

down rules for future conduct." *City of Pine Bluff v. Jones*, 370 Ark. 173, 178, 258 S.W.3d 361, 365 (2007). Thus, I would hold that the circuit court erred in ruling that a pledge of future tax dollars presents a justiciable controversy, and I would reverse and dismiss the circuit court's grant of summary judgment to appellees.

*Friday, Eldredge & Clark, LLP*, by: *Kevin A. Crass* and *Kathy McCarroll*; and *Rita S. Looney*, Arkansas Department of Transportation, for appellants.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellees.