Ronnie L. GARRETT *v.* STATE of Arkansas

CR 88-79                                                759 S.W.2d 23

Supreme Court of Arkansas
Opinion delivered October 24, 1988

*Edward T. Barry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This is an appeal from an order by the trial court denying a petition for postconviction relief under A.R.Cr.P. Rule 37.

Ronnie Garrett pled guilty to capital felony murder and rape on November 26, 1984. He filed an extensive petition seeking to set aside his conviction. The trial court denied the petition without a hearing. The petition is entirely conclusory in nature. We have repeatedly stated that a hearing is not required on a petition containing conclusory allegations. *Smith* v. *State*, 291 Ark. 496, 725 S.W.2d 849 (1987).

The record on its face conclusively shows that Garrett is not entitled to any relief. He makes numerous allegations but facts are lacking. A guilty plea waives nonjurisdictional defects and errors. *Finley* v. *State*, 295 Ark. 357, 748 S.W.2d 643 (1988).

The ineffective assistance of counsel argument is not accompanied by a statement that Garrett would not have pled guilty but for counsel's error. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

The claim that the trial judge should have recused because of coercion is conclusory.

Affirmed.