

# SUPREME COURT OF ARKANSAS

No. CV–13–939

| | |
|---|---|
| BILLY BRYANT, BETTY HAMBY, NORMA KNIGHT, MABEL KIMBERLING, and DORTHA M. WHITNER<br><br>APPELLANTS<br><br>V.<br><br>BRENDA BRYANT OSBORN, OPAL M. GARFI, ALTHA P. HICKMAN, NORMA SEXTON, LINDA BLISS, RITA GILLIAM, GENE BRYANT, BILLY RAY BRYANT, and BEVERLY BEEMAN<br><br>APPELLEES | **Opinion Delivered** April 3, 2014<br><br>APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT [NO. CV-04-222]<br><br>HONORABLE PHILIP G. SMITH, JUDGE<br><br>REVERSED AND REMANDED. |

**JOSEPHINE LINKER HART, Associate Justice**

Billy Bryant, Betty Hamby, Norma Knight, Mabel Kimberling, and Dortha M. Whitner, some of the heirs of Lacy Bryant, appeal an order of the Jackson County Circuit Court finding that appellee Brenda Bryant Osborn[1] had fully complied with the requirements of Arkansas Code Annotated section 28-41-101, the statute governing the collection of small estates, and that the "Administrator's Deed," which she issued to herself, was a valid conveyance of her deceased father's real property. On appeal, appellants argue

---

[1] The other nominal appellees are Opal M. Garfi, Gene Bryant, and Altha P. Hickman, who are the children of Lacy Bryant, and Norma Sexton, Linda Bliss, Rita Gilliam, Billy Ray Bryant, and Beverly Beeman are the children of O.M. Bryant, who predeceased his father, Lacy Bryant. However, they are no longer actually involved in this case as Brenda Bryant Osborn has acquired by quitclaim deed whatever interest they had in the real property contained in Lacy Bryant's estate.

that the circuit court erred in finding that there was procedural compliance with the requirements of the probate code. We reverse and remand.

Our standard of review with respect to bench trials involving declaratory-judgment actions is not whether there is substantial evidence to support the finding of the court, but whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Machen v. Machen*, 2011 Ark. 531, 385 S.W.3d 278. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.* Disputed facts and determinations of credibility are within the province of the fact-finder. *Id.*

This case involves real property owned by Lacy Bryant at the time of his death on June 15, 1994. The issue on appeal remained after a prior appeal where this court held that the circuit court erred in its interpretation and application of Arkansas Code Annotated section 28-40-104 to the facts of the case. *Osborn v. Bryant*, 2009 Ark. 358, 324 S.W.3d 687. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(7) (2013) as this is a subsequent appeal following our previously mentioned decision in *Bryant*, and Rule 1-2(b)(6) because this case requires us to construe sections of the Arkansas Probate Code.

As we noted when this case was previously before this court, at issue is the ownership of eighty acres of land in Jackson County, a twenty-acre homestead and sixty acres of farmland. At the time of Lacy Bryant's death, he was survived by his wife, Naomi Bryant, and eight of the nine children born of the marriage. Lacy left a will devising a life-estate in the realty to his wife, with the remainder to his youngest child, appellee Brenda Bryant

Osborn (Osborn), conditioned upon her payment of $200 per acre to the remaining heirs, for the sixty acres of farmland. The will further provided that if Brenda elected not to make the payment within six months of the death of her mother, the property was to be divided equally between Lacy's children, per stirpes.

It is not disputed that Lacy's will was never admitted to probate. Instead, Osborn filed an affidavit for collection of small estate, pursuant to Arkansas Code Annotated section 28-41-101 (1987), and attached Lacy's will to the affidavit. The same day, Osborn filed a "Notice of Probate," which recited that "[a] will dated the 14th day of August, 1974 was on the 23 day of August, 1994, admitted to probate as the Last Will of [Lacy B. Bryant]." Proof of publication of the notice was subsequently filed on October 14, 1994. The published notice contained the same information as the "Notice of Probate."

On June 21, 1995, Osborn executed and filed an "Administrator's Deed," which transferred the real property from Lacy's estate to herself. Osborn subsequently created a "stay or pay" program whereby she arranged for round-the-clock care for Naomi by having her siblings either stay with her or pay for an attendant. As part of her plan, Osborn sent a letter to the family in which she stated that upon Naomi's death, she would sell the property and divide it evenly.

Naomi died on November 1, 2004. Fifteen days later, Osborn tendered the $200 per-acre payment to remaining heirs. This precipitated the litigation that ultimately gave rise to this and two other appeals.

On December 1, 2004, appellants filed in the Jackson County Circuit Court a

3

SLIP OPINION

pleading styled "PETITION FOR DECLARATORY JUDGMENT; COMPLAINT FOR PARTITION; AND COMPLAINT FOR BREACH OF CONTRACT." The petition for declaratory judgment, filed pursuant to Arkansas Code Annotated sections 16–111–101 et seq., asked the circuit court to declare that the terms of the will were invalid and therefore that Lacy had died intestate, and to declare the administrator's deed "void and invalid." The complaint for partition asked that the real property in Lacy's estate be divided equally among the heirs at law per stirpes. The breach–of–contract complaint concerned the pay–or–stay agreement and pledge to divide the estate equally.

After a December 19, 2005 hearing, by order entered June 12, 2006, the circuit court granted the declaratory–judgment portion of the pleading. The circuit court found that Lacy's will had never been admitted to probate or declared valid by a court and that the time for doing so had expired. The circuit court stated that the will could not be admitted as evidence of Osborn's claim to title of Lacy's real property. The circuit court declared that Lacy had "effectively . . . died intestate." The circuit court also stated that "all other issues raised in this action are reserved for the final hearing." Osborn filed a notice of appeal.

In an unpublished May 16, 2007 opinion, the court of appeals dismissed the appeal for want of a final order. On March 31, 2008, the circuit court entered an order granting the partition and dismissing the breach–of–contract complaint. Osborn timely filed a notice of appeal. The court of appeals reversed and remanded. This court took the case on review and likewise reversed and remanded. This court, however, stated that the issues of whether the distribution of Lacy's estate without administration was proper and whether the

4

"Administrator's Deed" was a valid conveyance of real property, were not properly before us. Accordingly, we remanded these issues to the circuit court.

Osborn's attorney, Kaneaster Hodges, who handled the probate procedures following Lacy's death, was called to testify. He stated that he did not have a copy of any notice letters in his files and admitted that he did not remember specifically having sent notice in this case. He did, however, claim that it was his customary practice "in most cases" to send out notice letters. Nonetheless, he agreed that he would be unable to dispute a claim that no notice had been received.

Appellants Betty Hamby, Billy Bryant, Norma Knight, and Mabel Kimberling, all denied that they had received any personal notice regarding Lacy's will. Osborn testified that she had made copies of Lacy's will and, although uncertain, thought she had mailed them to her siblings. She conceded, however, that she did not provide a copy to her niece Mable Kimberling, who was nonetheless an heir. Regarding the probate proceedings, she asserted that she had taken no part in delivering notice because she left that to her attorney, Kaneaster Hodges.

The circuit court reversed its prior determination and found that Osborn had complied with the statutory requirements of the collection of a small estate and that even though Osborn had not been appointed administrator of Lacy's estate, the Administrator's Deed was valid. Appellants appealed.

Appellants argue that this case should be reversed because the statutory notice requirements were not met. They challenge both the failure to give personal notice and the

adequacy of the type of notice that Osborn did actually give by publication.

Appellants note that Arkansas Code Annotated section 28-41-101(b)(2)(C) specifies that notice publication shall be as provided in Arkansas Code Annotated section 28-1-112(b)(4) (1987), which mandates mailing a correct notice to all persons whose names and addresses appear in the petition; and Arkansas Code Annotated section 28-40-111(a)(4)(A), which mandates that a copy of the notice of publication be served on each heir and devisee whose name and address is known. They assert that no proof of actual service has been filed in this case. They also assert that there is insufficient proof of any personal service of a proper notice of the probate proceeding that was actually conducted in this case, except to Osborn. This argument has merit.

Regarding the adequacy of the notice that was given, appellants argue that there was "erroneous language" concerning the issuance of a probate order that allegedly admitted the will to probate. The published notice related to the admission of Lacy's will to probate, not to the collection of a small estate.

While we generally defer to the trier of fact regarding the credibility of witnesses, in this case, it is not a mere credibility call as to whether the heirs received personal notice. Appellants testified that they did not receive personal notice. This testimony was not actually disputed by Kaneaster Hodges, who claimed that he had no memory of sending out such notices. Moreover, Hodges candidly admitted that he could not dispute the appellants' assertion that they did not receive personal notice. Additionally, Hodges stated that he had nothing in his files to show that such notice had been sent. Further, Brenda conceded that

one heir did not receive personal notice.

Generally, the notice took the form recommended by Arkansas Code Annotated section 28-40-110(d). The essence of the notice was that Osborn was opening Lacy's estate. However, the actual probate proceeding that Osborn pursued was for the collection of a small estate, which in essence was the wrapping up of Lacy's affairs. The notice required by the probate code for the collection of a small estate is found at Arkansas Code Annotated section 28-41-101. While the respective requirements of notice contain some overlapping information, the statutory requirements are different. Accordingly, we hold that the circuit court clearly erred when it found that Osborn satisfied the statutory procedures for collection of a small estate. We therefore reverse and remand to the circuit court.

Appellants further argue that, pursuant to Arkansas Code Annotated section 28-51-109, Osborn's failure to act in substantial compliance with the probate code requires this court to hold that her disposition of Lacy's property is void. We agree. Osborn was never appointed as the administrator of Lacy's estate, Lacy's will was never admitted to probate or properly declared valid, and the appellants never received notice of the collection of Lacy's "small estate." Accordingly, the circuit court clearly erred in finding that the Administrator's Deed was a valid conveyance. We hold that the Administrator's Deed, the instrument by which she attempted to convey the real property in Lacy's estate to herself, is void. We reverse and remand on this point as well.

Reversed and remanded.
*Satterfield Law Firm, PLC*, by: *Guy "Randy" Satterfield*, for appellants.
*Bristow & Richardson, PLLC*, by: *Bill W. Bristow*, for appellees.