Cite as 2020 Ark. 89

# SUPREME COURT OF ARKANSAS

No. CR-19-590

|  |  |  |
|---|---|---|
|  |  | Opinion Delivered: February 20, 2020 |
| THERNELL HUNDLEY | APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-79-105] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE GREGORY L. VARDAMAN, JUDGE |
|  |  | AFFIRMED. |

SHAWN A. WOMACK, Justice

Appellant Thernell Hundley committed capital murder and rape at the age of seventeen and received a mandatory sentence of life without the possibility of parole. This appeal arises following Hundley's resentencing hearing conducted in the wake of the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). The issue now before this court is whether the circuit court abused its discretion in rejecting Hundley's proffered jury instructions at his resentencing hearing. Finding that the circuit court did not abuse its discretion, we affirm.

## I. *Background*

Hundley received a mandatory sentence of life without parole after pleading guilty to capital murder and rape on July 16, 1980. He was seventeen years old when he committed the underlying offense. In 2012, the Supreme Court concluded in *Miller* that the Eighth

Amendment to the United States Constitution forbade any sentencing scheme that mandated life in prison without the possibility of parole for juvenile offenders. Based on this ruling, Hundley's life sentence for capital murder was vacated on June 30, 2015. A resentencing hearing was held on December 17, 2018; thereafter, the jury sentenced Hundley to life imprisonment.

The sole issue in the present appeal is whether the circuit court erred in rejecting Hundley's proffered jury instructions. Hundley's instructions, titled "Capital Murder Punishment Explanation," contained three forms and an additional explanatory instruction. Form 1, "Mitigating Circumstances," contained sixteen mitigating circumstances the jury could find probably existed and a blank spot for any additional circumstances the jury might find. Examples of circumstances the jury would have been asked to consider include whether Hundley was physically abused by his father; whether his father killed his mother; and whether he had taken courses to better himself. Form 2, "Required Circumstances," called for the jury to make a finding that the State had proved beyond a reasonable doubt that (1) Hundley was a rare juvenile offender whose commission of capital murder reflects irreparable corruption; and (2) the capital murder committed by Hundley justified the harshest possible penalty for a juvenile offender of life. Finally, Form 3, "Conclusions," required the jury to unanimously make three findings--two of which were a repetition of the circumstances found on Form 2, and a third that required the jury to affirm that it had considered all mitigating factors, especially those factors that "specifically touch upon the youth" of Hundley. In rejecting Hundley's proffered instructions, the circuit court provided the following rationale:

I have review [sic] Defense Counsel's instructions as you offered them. They are very thorough. However, asking the Jury to go through mitigating circumstances without aggravating circumstances and having the Jury determine what that is in writing, it is just asking for reversal. So, I will let you proffer your instructions, however, we will be using the State's set of instructions.

On appeal, Hundley argues the circuit court abused its discretion in refusing to give his capital-murder instructions.

## II. *Discussion*

A party is entitled to a jury instruction when it is a correct statement of the law and when there is some basis in the evidence to support giving the instruction. *Barnes v. Everett*, 351 Ark. 479, 492, 95 S.W.3d 740, 748 (2003). The circuit court's decision to give or reject an instruction will not be reversed unless the court abused its discretion. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 459, 47 S.W.3d 866, 885 (2001). When there is no model instruction covering the offense charged, the circuit court does not abuse its discretion in rejecting an instruction that includes elements not found in the statute. *See Stivers v. State*, 354 Ark. 140, 146, 118 S.W.3d 558, 562 (2003). Nor does a circuit court abuse its discretion by rejecting a proposed jury instruction when other instructions adequately cover the issue. *See Wallace v. State*, 270 Ark. 17, 19, 603 S.W.2d 399, 400 (1980).

Hundley notes that there are no model jury instructions in this case; however, his proffered instructions appear to be substantially based upon AMI Crim. 2d 1008, which provides the jury with a template to apply the provisions of Arkansas Code Annotated section 5-4-603 (Repl. 2013). Section 5-4-603(a) requires the jury to unanimously make the following three findings before imposing a sentence of death: (1) an aggravating circumstance exists

beyond a reasonable doubt; (2) aggravating circumstances outweigh beyond a reasonable doubt all mitigating circumstances found to exist; and (3) aggravating circumstances justify a sentence of death beyond a reasonable doubt.

As in a death case, Hundley's instructions would require the jury to make specific findings, which he asserts are necessary to ensure the jury considers all mitigating evidence pursuant to *Miller*. Nevertheless, juries are required to make findings only when a sentence of death is being sought, and this court recently declined to adopt the template provided in AMI Crim. 2d 1008 in cases such as Hundley's, where a *Miller* defendant faces a sentence of life upon resentencing. *See Grubbs v. State*, 2020 Ark. 42, at 6, ___ S.W.3d ___, ("We decline to extend variations of Form 2 to cases that do not include the possibility of a death sentence."). Because Hundley's proffered instructions would ask the jury to make findings that are required only in death cases, we hold that the circuit court did not abuse its discretion in refusing to give those instructions.

III.  *Rule 4-3(i)*

In compliance with Arkansas Supreme Court Rule 4-3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant. No prejudicial error has been found.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.**   I agree that this case should be affirmed for the reasons stated in my concurring opinion in *Grubbs v. State*, 2020 Ark. 42, ___ S.W.3d ___.

4

*Montgomery, Adams & Wyatt, PLC*, by: *James W. Wyatt*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.