Cite as 2020 Ark. 183

# SUPREME COURT OF ARKANSAS
No. CV-19-820

| | |
|---|---|
| JERRY WALKER<br><br>               APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>               APPELLEE | Opinion Delivered May 7, 2020<br><br>PRO SE APPEAL FROM THE CHICOT<br>COUNTY CIRCUIT COURT<br>[NO. 09CV-19-63]<br><br>HONORABLE ROBERT BYNUM<br>GIBSON, JR., JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Jerry Walker appeals the denial of his pro se petition for declaratory judgment. Walker currently serves a sentence in the Arkansas Department of Correction. His petition alleged that errors occurred during his criminal trial. We affirm because one cannot use a declaratory-judgment action to collaterally attack a criminal conviction.

In 2003, Jerry Walker was convicted of first-degree murder and second-degree unlawful discharge of a firearm from a vehicle; he was sentenced to an aggregate term of 960 months' imprisonment. The Arkansas Court of Appeals affirmed. *Walker v. State*, 91 Ark. App. 300, 210 S.W.3d 157 (2005)(*Walker I*). Walker filed a Rule 37 petition in the trial court raising various postconviction issues. In 2007, the trial court denied the Rule 37 petition. Years later, this court denied Walker's request to file a belated appeal. *Walker v. State*, CR-12-824 (Ark. Oct. 25, 2012)(*Walker II*). Walker pursued habeas relief in the

federal court, which was also denied. *Walker v. Hobbs*, 2012 WL 550563 (E.D. Ark. Feb. 21, 2012). Subsequently, Walker filed a petition for declaratory relief, which is the subject of this appeal.

Walker's petition for declaratory judgment alleged that he was denied due process in his criminal trial when the trial court admitted the prior testimony of an unavailable witness. Walker further contended that this admission violated the Confrontation Clause of the United States Constitution. Walker attached a partial transcript of the trial proceedings that reflected defense counsel's objection to the admission. This issue was not challenged on direct appeal. *See Walker I*, 91 Ark. App. at 302, 210 S.W.3d at 158 (challenging only the admission of interspousal communication). The circuit court here concluded that Walker's petition sought a new trial for which declaratory relief does not lie.[1]

We have held that a criminal defendant may not use a declaratory-judgment action for the purpose of challenging a criminal conviction. *See Manning v. Norris*, 2011 Ark. 439 (per curiam). A criminal defendant is required to raise any alleged errors regarding his conviction in the trial court or on direct appeal and may not raise them in a collateral civil proceeding. *Id.* A declaratory-relief action is not a substitute for an appeal of the criminal

---

[1]The circuit court's order did not address Walker's petition to proceed in forma pauperis but instead addressed the merits of the underlying petition. This court considers this as if the circuit court determined Walker was a pauper and proceeded to consider and deny Walker relief on the merits of the petition for declaratory relief. *See Jones v. Ross*, 2019 Ark. 283.

conviction. *Id.* To the extent this court considers these civil proceedings, such as declaratory-judgment actions, we do so as applications for postconviction relief in those instances in which a prisoner challenges the constitutionality of the original sentence. *Bailey v. State*, 312 Ark. 180, 848 S.W.2d 391 (1993); *see also Neely v. McCastlain*, 2009 Ark. 189, 306 S.W.3d 424 (holding that a petition for declaratory relief was considered a petition for postconviction relief). A circuit court's decision granting or denying postconviction relief will not be reversed unless it is clearly erroneous. *Douthitt v. Kelley*, 2019 Ark. 404, 590 S.W.3d 734. A finding is clearly erroneous when the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

In the present matter, Walker's petition reargued an evidentiary issue that was raised at his criminal trial but waived on direct appeal. A declaratory-judgment action provides no relief on these grounds, and Walker has already exhausted his postconviction remedies. The circuit court did not clearly err when it denied Walker's petition for declaratory judgment.

Affirmed.

*Jerry Walker*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.