Cite as 2024 Ark. 19

# SUPREME COURT OF ARKANSAS
### No. CV–23–282

| | |
|---|---|
| THERNELL HUNDLEY<br><br>                              APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>                              APPELLEE | **Opinion Delivered:** February 15, 2024<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-22-263]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Thernell Hundley appeals the Jefferson County Circuit Court's order granting appellee Dexter Payne's motion for summary judgment and dismissing Hundley's petitions for declaratory judgment and writ of mandamus. In his petitions, Hundley sought a declaration that he was eligible for parole contrary to the determination made by the Arkansas Department of Correction (ADC) and asked the circuit court to compel the ADC to grant him parole status. The circuit court granted summary judgment on the basis that Hundley was ineligible for parole pursuant to Arkansas Code Annotated section 16-93-607(c)(5) (1987) because he had been convicted of four prior felonies at the time of his last conviction for first-degree battery. We affirm.

I. *Background*

In July 1980, Hundley pleaded guilty to capital murder and rape.[1] A mandatory sentence of life without parole was imposed for the murder, and a concurrent life sentence for rape was also imposed that was later reduced to a sentence of fifty years' imprisonment.[2] At the time he committed the crimes in September 1979, Hundley was seventeen years old.

In 2012, the Supreme Court concluded that the Eighth Amendment to the United States Constitution forbade any sentencing scheme that mandated life in prison without the possibility of parole for juvenile offenders under the age of eighteen. *Miller v. Alabama*, 567 U.S. 460 (2012). Hundley's life sentence for capital murder was vacated on June 30, 2015, and a resentencing hearing was held on December 17, 2018. The jury heard the mitigating evidence and again sentenced Hundley to life imprisonment. He appealed the sentence, and this court affirmed. *Hundley v. State*, 2020 Ark. 89, 594 S.W.3d 60.

During Hundley's incarceration for capital murder and rape, he committed the following four additional felonies: second-degree battery in 1986 for which he was sentenced to a consecutive term of nine years' imprisonment; second-degree battery in 1987 for which he was sentenced to a concurrent term of six years' imprisonment; attempted first-degree murder in 1988 for which he was sentenced to a consecutive term of sixty years' imprisonment; and first-degree battery in 1989 for which he was sentenced to a consecutive

---

[1]When Hundley committed the crime of capital murder, it was classified as a Class A felony, which was the highest class of felony. *See* Ark. Stat. Ann. § 41-901 (Repl. 1977); Ark. Stat. Ann. § 41-1501 (Repl. 1977). Likewise, rape was classified as a Class A felony. *See* Ark. Stat. Ann. § 41-1803 (Repl. 1977).

[2]The sentence was reduced to fifty years' imprisonment in accordance with the Supreme Court decision in *Graham v. Florida*, 560 U.S. 48 (2010).

term of forty years' imprisonment. Second-degree battery is a Class D felony. In 1988 and 1989, attempted first-degree murder was a Class A felony, and first-degree battery was a Class B felony. *See* Ark. Code Ann. § 5-3-203 (1987); Ark. Code Ann. § 5-13-201(c) (Supp. 1987).

## II. *Standard of Review*

Our standard of review with respect to bench trials involving declaratory-judgment actions is not whether there is substantial evidence to support the finding of the court but whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Bryant v. Osborn*, 2014 Ark. 143. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a firm conviction that a mistake has been committed. *Id.* The standard of review of a circuit court's grant or denial of a petition for writ of mandamus is whether the circuit court abused its discretion. *Rogers v. Ark. Dep't of Corr.*, 2022 Ark. 19, 638 S.W.3d 265. A circuit court abuses its discretion when it makes a decision that is arbitrary and capricious. *Id.*

On appeal, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party leave a material question of fact unanswered. *Cannady v. St. Vincent Infirmary Med. Ctr.*, 2018 Ark. 35, 537 S.W.3d 259. This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* This review is not limited to the pleadings but also includes the affidavits and other documents filed by the parties. *Id.*

III.  *Declaratory Relief*

The purpose of a declaratory judgment is to settle, and to afford relief from, uncertainty and insecurity with respect to rights, status, and other legal relations.  *Rogers v. Knight*, 2017 Ark. 267, 527 S.W.3d 719.  The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty.  *Harmon v. Noel-Emsweller*, 2022 Ark. 26.  A petitioner must show a clear and certain right to relief and that there is no other remedy.  *Id*.  If the right to declaratory relief is not established, there is no basis for issuance of a writ of mandamus.  *Waller v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757.

IV.  *Claims for Relief*

Hundley made the following claims in his petition for declaratory judgment and writ of mandamus in the circuit court that are reasserted on appeal:[3] (1) that his conviction for rape is illegal and should be set aside because it violates the constitution and Arkansas Statutes Annotated section 41-501 (Repl. 1977) because rape was the underlying felony supporting his capital-felony-murder conviction, it was merged with the capital-murder conviction, and he is eligible for parole because he has not committed four felonies as defined by Arkansas Code Annotated section 16-93-607(a) (1987);[4] (2) that he is entitled to parole eligibility under the Fair Sentencing of Minors Act (FSMA), codified at Arkansas Code Annotated sections 5-4-104(b) (Repl. 2021) and 16-93-621(a)(2)(A) (Repl. 2021); (3) that

---

[3]Hundley argued in the circuit court that he was not separately incarcerated for each of the four felonies committed while he was already incarcerated.  However, he did not reassert this argument on appeal, and it is considered abandoned.  *Sylvester v. State*, 2017 Ark. 309, 530 S.W.3d 346.

[4]Pursuant to section 16-93-607(a), "felonies" means crimes that are classified as Class Y, Class A, or Class B felonies.

considering this court's supplemental opinion in *Bosnick v. Lockhart*, 283 Ark. 209, 677 S.W.2d 292 (1984) (supplemental opinion on denial of rehearing), his parole eligibility should be determined by the law in effect when he committed his first crimes in 1979; (4) that the ADC and the circuit court incorrectly considered his two Class D felony convictions as a basis for denying him parole under Arkansas Code Annotated section 16-93-607(c)(5).

## A. Rape Conviction and Merger

Hundley's first argument challenges his conviction for rape because it was listed as the underlying felony for the capital-murder charge according to an information attached to Hundley's petition. Hundley asserts that the rape conviction is void and illegal because it merged with the charge of capital murder and should have been vacated, and his classification as a fourth offender in accordance with section 16-93-607(c)(5) is therefore flawed. *See Richie v. State*, 298 Ark. 358, 767 S.W.2d 522 (1989) (underlying felony conviction merged with capital-felony-murder conviction).

In support of his allegation that his rape conviction should be vacated, Hundley refers to two separate informations filed in 1979 that are attached to his petition. One information charged Hundley with capital murder in furtherance of the crime of rape, and the second charged Hundley with rape by forcible compulsion. Each charge was assigned a separate docket number, and the judgment of conviction for capital murder and the judgment for rape are separate and filed under distinct docket numbers. However, both informations list the same date for the date that the crimes were committed.

Hundley pleaded guilty to both crimes in 1980, and the capital-murder judgment does not list rape or any other felony as underlying the capital-murder conviction.

5

Allegations of a defective information are not generally considered to be jurisdictional and are treated as trial error. *See Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503 (habeas proceeding). An illegal sentence is one that is illegal on its face. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. The separate judgments for rape and capital murder are not facially illegal.

This court has held that a criminal defendant may not use a declaratory-judgment action to challenge a criminal conviction. *Walker v. Kelley*, 2020 Ark. 183. A criminal defendant is required to raise any alleged errors regarding his conviction in the trial court or on direct appeal and may not raise them in a collateral civil proceeding. *Id.* A declaratory-relief action is not a substitute for an appeal of the criminal conviction. *Id.* Here, Hundley is challenging his separate conviction for rape.

This court has also made clear that the merger doctrine must be raised in the trial court before it may be addressed on direct appeal. *Abernathy v. State*, 278 Ark. 250, 644 S.W.2d 590 (1983). In view of this, Hundley's merger claim is not an issue of subject-matter jurisdiction that can be raised at any time. *See Herron v. Ark. Dep't of Corr.*, 2022 Ark. 220, 655 S.W.3d 518. When a defendant enters a plea of guilty, the plea is his trial. *See generally Trammel v. Kelley*, 2020 Ark. 342, 610 S.W.3d 158 (habeas proceeding). A guilty plea waives nonjurisdictional defects and errors. *Garrett v. State*, 296 Ark. 550, 551, 759 S.W.2d 23, 24 (1988).

Here, Hundley pleaded guilty to both rape and capital murder. Any alleged errors by the trial court in accepting Hundley's guilty pleas—including his merger argument—should have been raised at the time of his plea hearing. As set forth above, Hundley cannot

use a collateral civil proceeding to challenge his rape conviction. Therefore, Hundley's separate conviction for rape is not illegal on its face and is not subject to being vacated.

### B. Parole Eligibility Under the FSMA

Hundley received a mandatory sentence of life without parole after pleading guilty to capital murder and rape in 1980. *See Hundley*, 2020 Ark. 89, 594 S.W.3d 60. Hundley's life sentence for capital murder was vacated on June 30, 2015. Hundley was subsequently provided with a resentencing hearing in accordance with the United States Supreme Court's holding in *Miller*, which was held on December 17, 2018, and after hearing the evidence offered in mitigation, the jury again sentenced Hundley to life imprisonment. *Id*. Hundley alleges that he is entitled to parole under the FSMA.

The parole provisions of the FSMA state in pertinent part that a minor under the age of eighteen years convicted of capital murder on or before March 20, 2017, is eligible for release on parole no later than after thirty years of incarceration. *See* Ark. Code Ann. § 16–93–621(a)(2)(A); *see also Ark. Parole Bd. v. Johnson*, 2022 Ark. 209, 654 S.W.3d 820. However, whether the parole provisions of the FSMA are currently applicable to Hundley need not be addressed because, as discussed below, Hundley is not entitled to parole because he is a fourth offender under section 16-93-607(c)(5).

### C. Determination of Parole Eligibility and Date of Offense

Hundley relies on a supplemental opinion, *Bosnick*, 283 Ark. 209, 677 S.W.2d 292, and alleges that his parole eligibility should be governed by the parole statute in effect at the time of his 1980 convictions. Hundley takes issue with section 16-93-607(c)(5)—the statute

7

in effect at the time he committed attempted first-degree murder[5] and first-degree battery in 1988 and 1989 while incarcerated for capital murder—which provides in pertinent part that "[i]nmates classified as fourth offenders . . . shall not be eligible for parole." Hundley contends that he should not be considered a fourth offender under the laws in effect when he committed his last two felonies but should be parole eligible on the basis of those parole statutes in effect at the time of his original crimes. Hundley has not stated a ground for relief.

Hundley's parole status is based on the date his two most recent offenses took place and not on the dates he was sentenced for those crimes. Further, the original opinion, *Bosnick*, 283 Ark. 206, 672 S.W.2d 52, makes clear that the issues addressed in both the original opinion and the supplemental opinion were applicable to parole statutes that were enacted in 1968 and 1977. *Id.* at 207, 672 S.W.2d at 53. The parole statutes challenged by Hundley in his declaratory-relief action address parole-eligibility statutes for habitual offenders that were enacted in 1983 and are applicable to the crimes committed by Hundley in 1988 and 1989.

In any event, we have consistently made clear that parole eligibility is determined by the law in effect at the time the crime is committed. *Warren v. Felts*, 2017 Ark. 237. A defendant is charged with knowledge that if he commits an additional offense, his parole eligibility will be determined in accordance with the law in effect at the time the last felony was committed. *Davis v. Kelley*, 2018 Ark. 182, 547 S.W.3d 54.

---

[5]Section 16-93-607 was enacted by Act 825 of 1983, §§ 1–3. As stated above, Hundley committed attempted first-degree murder in 1988 and first-degree battery in 1989.

8

Parole eligibility is based on the number of times a defendant has been convicted and incarcerated for felony convictions. Ark. Code Ann. § 16-93-607(c)(5). Because Hundley committed attempted first-degree murder in 1988 and first-degree battery in 1989, after section 16-93-607 had been enacted, he is charged with the knowledge that if he committed the last of the four felonies, he would become ineligible for parole.

### D. Parole Eligibility and Class D Felonies

Finally, Hundley contends that the ADC has improperly denied that he is eligible for parole due to his convictions for the two Class D felonies of second-degree battery that he committed in 1986 and 1987. As stated above, pursuant to section 16-93-607(a), felonies for purposes of denying parole eligibility are those crimes classified as Class Y, A, or B felonies. Hundley argues that the ADC and the circuit court have erroneously relied on two prior Class D felonies to deny his parole eligibility. Hundley is mistaken. Hundley's convictions for capital murder, rape, attempted first-degree murder and first-degree battery meet the definition of felony as defined by section 16-93-607(a), and Hundley has been properly denied parole on the basis of those convictions alone.

The circuit court did not clearly err when it granted the motion for summary judgment with respect to Hundley's petition for declaratory relief because Hundley failed to present sufficient material facts and evidence demonstrating entitlement to such relief, and there was not an abuse of discretion in the denial of the petition for mandamus.

Affirmed.

WOMACK, J., dissents.

9

**SHAWN A. WOMACK, Justice, dissenting.** For the reasons outlined in my dissenting opinion in *Perry v. Payne*, I respectfully dissent. 2022 Ark. 112, at 5.

*Thernell Hundley*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.