Cite as 2024 Ark. App. 470

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-23-550

| | |
|---|---|
| EDWARD CHAMBERS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered October 2, 2024<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. 12CR-22-29]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Edward Chambers appeals the sentencing order of the Cleburne County Circuit Court convicting him of two counts of delivery of methamphetamine and one count of maintaining a drug premises and sentencing him as a habitual offender to a total of ninety years' imprisonment. On appeal, Chambers challenges the sufficiency of the evidence to support his conviction for maintaining a drug premises and contends that the circuit court abused its discretion in denying his request for a jury instruction on the defense of entrapment. We affirm.

In August 2020, the Cleburne County Sheriff's Office received a tip that Chambers and Chuck Geisler were distributing "large amounts of methamphetamine" from Chambers's house at 111 Bobby Road in Higden. The sheriff's office subsequently engaged

a confidential informant, Liz Pike, to purchase methamphetamine from either Chambers or Geisler. Pike was chosen as the informant because she knew both Chambers and Geisler.

Pike contacted Chambers and set up a time and place to buy methamphetamine. The buy took place at Chambers's residence on September 18, 2020. Chambers, Pike, and another woman went into Chambers's bedroom, where they chatted for fifteen or twenty minutes while Chambers packaged and sold Pike the drugs for cash. In the first buy, Chambers sold Pike 13.9345 grams of methamphetamine.

Brandon Long, a detective at the sheriff's office, contacted Pike a month later, on October 15, and asked her to contact Chambers to attempt another purchase. Pike contacted Chambers and scheduled another meeting at his house that day. During this meeting, Pike helped Chambers move a piece of furniture from his car into the house. Pike testified that Chambers was the only person living in the house as far as she knew. During this exchange, Pike purchased 12.7219 grams of methamphetamine from Chambers.

During both buys, Pike wore a video-recording device; the resulting video was played for the jury. Because most of the audio recordings were inaudible, they were not transcribed in the record. However, the videos show Chambers selling and Pike purchasing the methamphetamine on both dates. During the first buy, the parties discuss the purchase; Chambers then opens a drawer in a nightstand by the bed, takes methamphetamine from the drawer, puts it in a bag, and gives it to Pike. In the second video, both Chambers and Pike smoke methamphetamine in addition to conducting the buy. In both buys, Pike hands Chambers cash for the drugs.

During trial, Detective Long denied asking Pike to flirt with, or make sexual advances toward, either Chambers or Geisler in order to "get them to sell [Pike] meth." The detective testified that Pike was chosen as the informant for the buys because she was familiar with the area, knew both individuals, and had said she would be able to make the buys. Pike also denied offering Chambers sex in exchange for methamphetamine. She testified that Detective Long did not direct her to flirt with Chambers to persuade him to sell her drugs and said that the purchase was strictly a business transaction or monetary exchange of methamphetamine for cash.

Chambers moved for a directed verdict on the maintaining-a-drug-premises count, arguing that the State failed to prove that he knowingly maintained the dwelling, and the court denied the motion. Chambers also requested a jury instruction on an entrapment defense. He contended that Pike induced him to deliver methamphetamine to her by promising him sexual favors. The court denied Chambers's request for the instruction, finding "absolutely nothing" in the videos to indicate that Chambers was persuaded to commit the offenses, stating that the evidence "looks like" he willingly sold the methamphetamine. The court then said there must be "some evidence" to support a jury instruction, and in this case, "there's not any."

The jury found Chambers guilty of two counts of delivery of methamphetamine and one count of maintaining a drug premises and recommended a total sentence of ninety years' imprisonment and a fine of $10,000. The circuit court accepted the jury's recommendation and entered a sentencing order on May 3, 2023. This appeal followed.

We first address Chambers's argument that the circuit court erred in denying his motion for directed verdict on the conviction for maintaining a drug premises. Pursuant to Arkansas Code Annotated section 5-64-402(a)(2) (Repl. 2016), it is unlawful for any person "[k]nowingly to keep or maintain any store, shop, warehouse, dwelling, building, or other structure or place or premise[s] that is resorted to by a person for the purpose of using or obtaining a controlled substance in violation of this chapter or that is used for keeping a controlled substance in violation of this chapter." Chambers contends that the evidence was insufficient to prove that he lived at 111 Bobby Road in Higden where the drug sales took place because the house was owned by another individual, and no lease, mail, or other document listing his name was introduced.

When reviewing a challenge to the sufficiency of the evidence, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Collins v. State*, 2021 Ark. 35, at 4, 617 S.W.3d 701, 704. We affirm a conviction if substantial evidence exists to support it. *Price v. State*, 2019 Ark. 323, at 4, 588 S.W.3d 1, 4. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.*, 588 S.W.3d at 4. Witness credibility is an issue for the fact-finder, which may believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *McKisick v. State*, 2022 Ark. App. 426, at 4, 653 S.W.3d 839, 843.

First, neither ownership of the dwelling nor a current lease is an element of the crime of maintaining a drug premises. *See Cantrell v. State*, 2024 Ark. App. 201, at 6. Second, Pike

4

twice purchased drugs from Chambers at the house on Bobby Road and testified that Chambers lived there alone. In the video of the transactions, Chambers got the drugs from the bedside table near the bed on which he sat for both sales. Finally, Pike testified that she helped him move an ottoman from his car into the house during the second buy. We hold that this was sufficient to establish that Chambers lived at the residence and knew drugs were being distributed from the premises. *Cantrell*, 2024 Ark. App. 201, at 6 (affirming a challenge to the sufficiency of the evidence supporting a conviction for maintaining a drug premises where the confidential informant testified that the appellant lived at the residence where three controlled buys took place, the informant had been to the house four or five times to use or buy drugs, and the appellant was there each time). Accordingly, substantial evidence supports Chambers's conviction for maintaining a drug premises.

Chambers also argues that the circuit court abused its discretion by refusing to give a jury instruction on the defense of entrapment. Entrapment is an affirmative defense that "occurs when a law enforcement officer or any person acting in cooperation with a law enforcement officer induces the commission of an offense by using persuasion or other means likely to cause a normally law-abiding person to commit the offense." Ark. Code Ann. § 5-2-209(b)(1) (Repl. 2013). "Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." Ark. Code Ann. § 5-2-209(b)(2). A defendant bears the burden of proving entrapment by a preponderance of the evidence. *Smoak v. State*, 2011 Ark. 529, 385 S.W.3d 257.

Although most of the audio on the video recordings is inaudible, we agree with the circuit court that there is nothing in the video demonstrating sexual contact or overt flirtation between Pike and Chambers. Moreover, both Detective Long and Pike denied that Long directed Pike to flirt with Chambers or to offer Chambers sex in exchange for methamphetamine. Pike said that the purchase was strictly a business transaction or monetary exchange of methamphetamine for cash.

The circuit court's decision to give or reject an instruction will not be reversed unless the court abused its discretion. *Hundley v. State*, 2020 Ark. 89, at 3, 594 S.W.3d 60, 62. When there is no evidence to support the giving of an instruction, it is not erroneous to refuse it. *Blaney v. State*, 280 Ark. 253, 257, 657 S.W.2d 531, 534 (1983). Chambers failed to present any evidence that Pike induced him to sell methamphetamine to her by conduct that was likely to cause a normally law-abiding person to commit the offense. Merely affording one the means and opportunity to do that which he is otherwise ready, willing, and able to do does not constitute entrapment. *Lowe v. State*, 2012 Ark. 185, at 8, 423 S.W.3d 6, 13. Thus, we hold that the circuit court did not abuse its discretion by refusing to instruct the jury on entrapment.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*The Law Office of Geoffrey D. Kearney, PLLC*, by: *Geoffrey D. Kearney*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.