Cite as 2025 Ark. 53

# SUPREME COURT OF ARKANSAS

No. CR–24–506

| | | |
|---|---|---|
| THERNELL HUNDLEY | | **Opinion Delivered:** May 1, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-79-103] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE GRISHAM A. PHILLIPS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Thernell Hundley appeals from the circuit court's denial of his pro se petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111(a) (Repl. 2016). For reversal, Hundley contends that his judgment of conviction for rape is illegal because the rape was the underlying felony for a separate charge and conviction for capital murder. The circuit court denied the petition, concluding that the same argument was raised and rejected in *Hundley v. Payne*, 2024 Ark. 19, 682 S.W.3d 665 (*Hundley I*). The court further found that Hundley had failed to demonstrate that the rape judgment is illegal on its face. We affirm.

In July 1980, Hundley pleaded guilty to capital murder and rape.[1] Two separate judgments were entered. The first judgment imposed a mandatory sentence of life without

---

[1]When Hundley committed the crime of capital murder, it was classified as a Class A felony, which was the highest class of felony. *See* Ark. Stat. Ann. § 41-901 (Repl. 1977);

parole for capital murder, and the second judgment imposed a life sentence for rape that was later reduced to a sentence of fifty years' imprisonment.[2] When he committed the crimes in September 1979, Hundley was seventeen years old.

Under our standard of review, a circuit court's decision to deny relief under Arkansas Code Annotated section 16–90–111 will not be overturned unless that decision is clearly erroneous. *Todd v. State*, 2023 Ark. 121. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Arkansas Code Annotated section 16–90–111 provides authority to a circuit court to correct an illegal sentence at any time. *Woodruff v. State*, 2024 Ark. 13, 682 S.W.3d 662. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject–matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* A petitioner seeking relief under section 16–90–111(a) carries the burden of demonstrating that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Hall v. State*, 2022 Ark. 16, 638 S.W.3d 270. While a circuit court may correct an illegal sentence at any time, an argument that a sentence is imposed in an illegal manner is subject to the time limitations

---

Ark. Stat. Ann. § 41–1501 (Repl. 1977). Likewise, rape was classified as a Class A felony. *See* Ark. Stat. Ann. § 41–1803 (Repl. 1977).

[2]The sentence was reduced to fifty years' imprisonment in accordance with the Supreme Court decision in *Graham v. Florida*, 560 U.S. 48 (2010).

of Arkansas Rule of Criminal Procedure 37.2(c). *See Green v. State*, 2021 Ark. 19, 615 S.W.3d 389.

Here, Hundley claims that his sentence for rape is illegal because it was the underlying felony for the charge of capital murder and therefore should have been merged with the capital-murder conviction in accordance with the law in effect at the time of the crime. *See Richie v. State*, 298 Ark. 358, 767 S.W.2d 522 (1989) (underlying felony conviction merged with capital-felony-murder conviction). However, the record demonstrates that there are two separate judgments entered in two separate cases, and the judgment for rape is not illegal on its face.

As set forth in *Hundley I*, this court made clear that the merger doctrine must be raised in the circuit court before it may be addressed on direct appeal. *See Hundley I*, 2024 Ark. 19, at 6, 682 S.W.3d at 670 (citing *Abernathy v. State*, 278 Ark. 250, 644 S.W.2d 590 (1983)). Although the question of subject-matter jurisdiction can be raised at any time regardless of whether it was challenged in the circuit court, noncompliance with the merger doctrine is not a jurisdictional question. A guilty plea waives nonjurisdictional defects and errors. *Garrett v. State*, 296 Ark. 550, 759 S.W.2d 23 (1988).

When Hundley pleaded guilty to both rape and capital murder, any challenges to errors or defects in the charging or sentencing process were waived. If the circuit court erred by accepting Hundley's guilty plea to rape, the issue should have been raised at the time of the plea hearing. The judgment for capital murder does not list the underlying felony. Hundley relies on the charging information for capital murder in challenging the legality of the judgment for rape. Allegations that go behind the face of the judgment do not implicate

the facial validity of the judgment, and a petitioner is obligated to pursue such claims within the time limits imposed by Arkansas Rule of Criminal Procedure 37.2(c). *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469.

As stated above, two separate judgments were entered in Hundley's criminal cases, and neither judgment is illegal on its face because the sentences imposed were within the maximum range for a Class A felony. In 1979, when Hundley committed the crime of rape, it was classified as a Class A felony punishable by imprisonment for not less than five years nor more than fifty years, or life. Ark. Stat. Ann. §§ 41-901 and -1803. Hundley's fifty-year sentence for rape does not exceed the maximum penalty for a rape that occurred in 1979. Accordingly, the circuit court did not clearly err when it denied Hundley's petition to correct an illegal sentence.

Affirmed.

Special Justice KATIE HENRY joins.

BRONNI, J., not participating.

*Thernell Hundley*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.